TUCKER et al. v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. October 5, 1916.)

No. 4665.

INDIANS &⚙38(5)—INTRODUCING LIQUOR INTO TERRITORY.

In a prosecution for violating Act March 1, 1895, c. 145, § 8, 28 Stat. 697, by introducing into territory which formerly was the Indian Territory intoxicating liquor, a conviction cannot be supported on mere suspicious circumstances indicating that defendant was cognizant of the introduction of the liquor by his codefendant.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 66; Dec. Dig. &⚙38(5).]

---

&⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied December 15, 1916.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Bert Tucker and Bob Terrell were convicted of violating Act March 1, 1895, § 8, denouncing the offense of introducing intoxicating liquor within limits of what was the Indian Territory before the admission of Oklahoma to statehood, and they bring error. Affirmed as to defendant Terrell, and reversed as to defendant Tucker.

William Pfeiffer, of Oklahoma City, Okl. (Pruiett & Sniggs, of Oklahoma City, Okl., on the brief), for plaintiff in error Tucker.

William S. Rogers, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., and W. P. McGinnis, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for the United States.

Before SANBORN, Circuit Judge, and TRIEBER and VAN VALKENBURGH, District Judges.

PER CURIAM. The plaintiffs in error, who will be referred to as defendants, were indicted for a violation of the provisions of section 8 of the Act of March 1, 1895 (28 Stat. 693, 697), the charge being that they had unlawfully introduced liquor from without the state of Oklahoma into that portion of the county of Carter in the state of Oklahoma which was within the limits of the Indian Territory prior to the admission of the state of Oklahoma into the Union as one of the United States of America.

Upon a trial to a jury both defendants were found guilty and sentenced to imprisonment, from which judgment this writ of error was prosecuted. The defendant Terrell did not file a brief, nor did he appear by counsel at this hearing. In view of the fact that his liberty is at stake, we have carefully examined the record and find no prejudicial error, which would warrant a reversal.

The defendant Tucker at the close of the evidence asked the court for a peremptory instruction to acquit, which was denied, properly excepted to, and assigned as error in the assignment of errors.

As the gist of the offense is the introduction of liquor from another state, the court erred in refusing to direct a verdict of not guilty. There is no evidence whatever to show that this defendant had any connection whatever with the introduction of the liquor from the state of Texas. There are some suspicious circumstances which indicate that he knew of the introduction of the liquor by his codefendant Terrell, but when a man's liberty is involved it requires more than a mere suspicion. The material allegations must be proved beyond a reasonable doubt. The evidence wholly fails to do that, and therefore it was error to refuse his request to direct the jury to return a verdict of not guilty.

The judgment as to the defendant Terrell is affirmed, and as to the defendant Tucker reversed, with directions to grant a new trial.